### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITES STATES OF AMERICA**<br><br>v.<br><br>**LUIS JAVIER VILELLA** | **CRIMINAL ACTION NO. 16-CR-285-2**<br><br>**CIVIL ACTION NO. 20-CV-3046** |

Baylson, J.                 **MEMORANDUM**            October 15, 2020

## I.   Introduction

Defendant Luis Vilella has filed a Petition for relief under 28 U.S.C. § 2255, following his guilty plea on Count 2 of the above-captioned indictment. Mr. Vilella argues that his sentence must be overturned on the basis of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), because it was based on facts not admitted or proved during the guilt phase of the proceeding. This Court disagrees and denies relief.

## II.   Factual Background

Mr. Vilella was charged with possession of a firearm by a convicted felon. (Government's Resp. 1, ECF 94); see 18 U.S.C. § 922(g)(1). He entered a guilty plea and reached an agreement with the United States that 60 months of imprisonment was an appropriate sentence. (Government's Resp. 1). This Court imposed that sentence on June 26, 2017. (Id. at 2). In the agreement that led to Mr. Vilella's guilty plea in this case, Defendant and the United States explicitly established that "if the Court imposes the recommended sentence [Defendant] voluntarily and expressly waives all rights to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution. However, the defendant retains the right to file a claim . . . that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance." (Guilty Plea Agreement ¶ 11, ECF 54).

1

After Mr. Vilella's conviction, the Supreme Court held in <u>Rehaif</u> that convictions under § 922(g)(1) require the United States to prove that defendants were aware of the status that made their possession of a firearm illegal. <u>Rehaif</u>, 139 S. Ct. at 2200. Mr. Vilella's § 2255 Motion argues that during the guilt phase of his case, the government did not prove he knew the status—being a felon—that made his possession of a gun illegal. (Mot. 4, ECF 92). When Mr. Vilella possessed the firearm leading to his charge, he had five prior felony convictions, had been sentenced to a maximum of one year in prison for each conviction, and had served more than a year in prison. (Government's Resp. 5).

Mr. Vilella's expected release date is December 1, 2020. (<u>Id.</u> at 2). He filed the instant § 2255 motion on June 8, 2020.

### III. Discussion

Section 2255 allows relief when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) "the sentence 'is otherwise subject to collateral attack.'" <u>Bledsoe v. United States</u>, No. 2:07-cr-00165, 2020 WL 3638116, *7 (E.D. Pa. July 6, 2020) (Leeson, J.) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255(a))). Mr. Vilella's Petition takes the first path: that his sentence was imposed in violation of the Constitution or the laws of the United States. (Mot. 4).

Claims rooted in a right recognized by the Supreme Court must be brought within one year of the announcement of that right. (Government's Resp. 3); <u>see</u> § 2255(f)(3). The Supreme Court must also make that right "retroactively applicable to cases on collateral review." § 2255(f)(3). Courts in this district have reiterated this principle as recently as this summer when deciding similar § 2255 petitions seeking relief under <u>Rehaif</u>. <u>See</u> <u>United States v. Saunders</u>, No. 10-442,

2

2020 WL 5569785, at *3 (E.D. Pa. Sept. 17, 2020) (Bartle, J.) (explaining that "for . . . defendant[s] to benefit from this delayed running of the limitations period, the new right must be retroactively applied by the Supreme Court.").

District courts do not have to wait for the Supreme Court to make a decision retroactive in two exceptional circumstances: when the § 2255 claim is based on (2) "new substantive rules"; or (2) on "watershed rules of criminal procedure." In re Hoffner, 870 F.3d 301, 304 (3d Cir. 2017) (quoting Welch v. United States, 136 S. Ct. 1257, 1264 (2016)); see also Saunders, 2020 WL 5569785, at *3; United States v. Battle, No. 16-017, 2020 WL 4925678, at *4 (W.D. Pa. Aug. 21, 2020).

In Sampson, the Third Circuit held that second or successive § 2255 motions were not available under Rehaif, because Rehaif did not meet § 2255(h)'s requirement of stating "a new rule of constitutional law." See In re Sampson, 954 F.3d 159, 160–61 (3d Cir. 2020). The Sampson court elaborated that even if Rehaif had announced such a rule, the Supreme Court would have to make it retroactively applicable to meet the requirements of § 2255(h).[1] Id. at 160 n.3. While the court was ruling on a successive § 2255 motion, the logic of the decision still suggests the Third Circuit would determine that an initial § 2255 claim under Rehaif could not overcome the retroactivity bar via the "substantive rule" exception. No other court of appeals has answered the question of whether Rehaif's holding is "substantive" such that it may be applied retroactively in a non-successive § 2255 motion. The Third Circuit remanded a case on the question to the Western District of Pennsylvania this summer. See Battle, 2020 WL 4925678, at *2. On remand, the district court decided that Rehaif did not apply retroactively to non-successive § 2255 claims:

> In Rehaif, the Supreme Court clarified what the Government must prove in order to convict an individual in one of the nine prohibited

---

[1] Mr. Vilella's Petition acknowledges this principle. (Mot. 11).

3

>
> categories enumerated in Section 922(g). As such, the new rule announced in Rehaif is a procedural rule, and not a substantive rule. Further, it is not a "watershed" rule of criminal procedure, because it does not implicate "the fundamental fairness and accuracy of the criminal proceeding."

Id. at *4 (quoting Whorton v. Bockting, 549 U.S. 406, 416 (2007)); see also United States v. McArthur, No. 16-53, 2020 WL 3064293, at *2 (W.D. Pa. June 9, 2020) (interpreting Sampson to mean that Rehaif did not create a new rule of constitutional law and therefore could not be retroactively applied to non-successive § 2255 motions).

In any event, the retroactivity analysis is mostly academic, because Mr. Vilella's claim is procedurally barred.

### IV.  Mr. Vilella's Claim is Procedurally Barred

The United States' primary argument in its Response to Mr. Vilella's Petition is on procedural grounds. (Government's Resp. 3–4). "Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review." United States v. Correa, No. 08-459, 2020 WL 5517466, *1 (E.D. Pa. Sept. 14, 2020) (Kenney, J.) (quoting Hodge v. United States, 554 F.3d 372, 378–79 (3d Cir. 2009)); see also United States v. Jenkins, 333 F.3d 151, 154–55 (3d Cir. 2003) (affirming denial of a § 2255 motion under Apprendi when defendant did not raise Apprendi claim before conviction became final).

When defendants do not raise an issue in the trial court, nor on appeal of their convictions, they have not raised any claims on direct review. Saunders, 2020 WL 5569785, at *4 (citing Bousley v. United States, 523 U.S. 614, 622 (1998); Correa, 2020 WL 5517466, at *3; Battle, 2020 WL 4925678, at *5. Mr. Vilella pled guilty and has not appealed his conviction. (J. as to Luis Javier Vilella 1, ECF 73). He and the Government agreed to a sentence of 60 months of

imprisonment followed by a period of supervised release set by the Court, and this Court imposed a 60-month sentence, with 5 years of supervised release. (Tr. of Sentencing Hr'g 11, ECF 89). His plea agreement explicitly stated that he would not challenge his conviction on appeal or collateral review.[2] The presentence report lists Defendant's prior felony convictions, (Government's Sentencing Mem. 4, ECF 69; Government's Resp. 5), and Defendant's own sentencing memorandum acknowledges that he "has a somewhat significant criminal history consisting of convictions for drug offenses." (Def.'s Sentencing Mem. 4, ECF 68). Given these facts, this Court finds that Mr. Vilella has never raised knowledge of his felon status as an issue until the instant § 2255 motion.

Nevertheless, defendants can still overcome procedural default if they show (A) cause for the procedural default and actual prejudice, or (B) that they are actually innocent. (Government's Resp. 3–4); Correa, 2020 WL 5517466, at *3 (citing Bousley, 523 U.S. at 621); see also Jenkins, 333 F.3d at 155. Mr. Vilella can show neither.

### A. Cause and Prejudice

Cause may exist "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." Correa, 2020 WL 5517466, at *3 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984); Saunders, 2020 WL 5569785, at *4; see also Jenkins, 333 F.3d at 155; (Government's Resp. 3). In this circuit, arguments under Rehaif are not sufficiently novel in the § 2255 context, as "[t]he issue. . . was percolating in the courts for years." Correa, 2020 WL 5517466, at *3 (quoting United States v. Murphy, No. 1:13-CR-060, 2020 WL 1891791, at *2) (M.D. Pa. Apr. 16, 2020); see also Battle, 2020 WL 4925678, at *6 (finding no cause when "the

---

[2] Courts do not read these provisions as absolute bars to § 2255 motions. See United States v. Peppers, 899 F.3d 211, 225–26 (3d Cir. 2018).

5

issue had been litigated in federal courts across jurisdictions for many years prior to Scott's conviction"); see also Jenkins, 333 F.3d at 155 (noting that "the foundation for Apprendi was laid years before the decision was announced" in denying at § 2255 claim under that case); (Government's Resp. 3). Likewise, any ineffective assistance of counsel argument raised by Defendant[3] does not furnish cause, because attorneys are not required to make meritless objections under prior precedent, nor predict changes in the law. See United States v. Doe, 810 F.3d 132, 154 (3d Cir. 2015); Smith v. Murray, 477 U.S. 527, 536 (1986); (Government's Resp. 3).

Because Mr. Vilella cannot show cause, he cannot overcome a procedural default, so there is no need to decide whether he can show prejudice. Still, it is worth briefly addressing to emphasize that Defendant's argument would also fail on this element. Prejudice occurs when the failure to lay out an element of a crime undermines confidence in a conviction. See Murphy, 2020 WL 1891791, at *2. When defendants have been convicted of, and have served time for felonies, "[t]here can be no doubt that [they know] of [their] conviction[s] of a crime punishable by a term of imprisonment exceeding one year." Saunders, 2020 WL 5569785, at *4; see also Murphy, 2020 WL 1891791, at *2 ("These convictions—and the fact Murphy spen[t] multiple years in prison on each of them—can leave little doubt that Murphy had full knowledge that he had been convicted of crimes punishable by more than a year in prison. As such, the failure to explicitly lay that element out in the Felony Information could not have prejudiced him in any way."); (Government's Resp. 6–7). Under these principles, it is clear Mr. Vilella could not show prejudice, as he already had five previous felony convictions, and had served more than a year in prison at the time he possessed the firearm in this case. (Government's Resp. 5).

---

[3] Defendant's § 2255 motion does not appear to make this argument, but the United States addresses it in its Response. (Government's Resp. 3).

### B. Actual Innocence

Because Mr. Vilella cannot overcome procedural default, the last path to relief is the "actual innocence" doctrine. Correa, 2020 WL 5517466, at *3 (citing Bousley, 523 U.S. at 621); see also Jenkins, 333 F.3d at 155; (Government's Resp. 4). "To establish actual innocence, [a defendant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Correa, 2020 WL 5517466, at *3 (quoting Bousley, 523 U.S. at 623). When defendants have pled guilty to and were convicted of felonies, like Mr. Vilella, district courts widely find "that a reasonable juror would have concluded, beyond a reasonable doubt, that [a defendant] was aware of his status as a felon when he possessed the firearm at issue." Correa, 2020 WL 5517466, at *3; Murphy, 2020 WL 1891791, at *3; (Government's Resp. 6–7).

For these reasons, the Court will dismiss the § 2255 Petition.

**BY THIS COURT:**

*/s/ Michael M. Baylson*

**MICHAEL M. BAYLSON**
**United States District Court Judge**